UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRONSHORE INDEMNITY, INC., | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:12-CV-78 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CORLE BUILDING SYSTEMS, INC., | : | JULY 24, 2013 |
|     Defendant, Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| R&R IRONWORKS, INC., et al., | : | |
|     Third-Party Defendants. | : | |

**RULING RE: MOTION TO DISMISS FILED BY
THIRD-PARTY DEFENDANT KENNETH F. MANN (DOC. NO. 77)**

**I.     INTRODUCTION**

On January 17, 2012, plaintiff Ironshore Indemnity, Inc. ("Ironshore") commenced this action by filing a Complaint (Doc. No. 1) against defendant and third-party plaintiff Corle Buildings Systems, Inc. ("Corle"). On December 4, 2012, Corle filed a Third-Party Complaint (Doc. No. 36) against several third-party defendants, including Kenneth F. Mann ("Mann"). Before this court is Mann's Motion to Dismiss the Third-Party Complaint ("Mot. to Dismiss") (Doc. No. 77).

**II.    FACTUAL BACKGROUND**

On or about January 27, 2011, a pre-engineered building owned by USA Hauling and Recycling ("USA Hauling") and located in Milford, Connecticut collapsed. Third-Party Compl. ¶ 9. Ironshore provided property insurance coverage to USA Hauling at the time. Compl. ¶ 5. Ironshore alleges that Corle is liable and legally responsible for Ironshore's losses for a number of reasons, including negligent design of the building. See Third-Party Compl. ¶ 12 (citing Compl. ¶¶ 13).

1

Corle hired Mann, as a professional engineer, in conjunction with the construction of the building.  Third-Party Compl. at Count 5, ¶ 2.[1]  Under the terms of the contract between Corle and Mann, Mann was to review the drawings and calculations for the building to determine whether they were proper and compliant with applicable codes.  Id. at Count 5, ¶ 4.  Mann reviewed the drawings and calculations and affixed his seal to the drawings.  Id. at Count 5, ¶ 5.  Corle alleges that Mann, "as the licensed engineer, reviewed the drawings and calculations and overall design in order to assure that the pre-engineered building complied with all applicable codes and was proper."  Id. at Count 5, ¶ 7.

## III.   STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that the plaintiff is entitled to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'show that the pleader is entitled to relief'" (alteration omitted)).  The court takes the factual allegations of the complaint to be true, Hemi Grp., LLC v. City of New York, 559 U.S. 1, 4 (2010), and draws all reasonable inferences in plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).  However, the tenet that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 555).

---

[1] Each Count of the Third-Party Complaint restarts paragraph numbering at 1.

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. See Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010); see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that dismissal was inconsistent with the "liberal pleading standards set forth by Rule 8(a)(2)"). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the Court explained in Iqbal, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (alterations, citations, and internal quotation marks omitted). Under the Second Circuit's gloss, the plausibility standard is "flexible," obliging the plaintiff "to amplify a claim with some factual allegations in those contexts

where such amplification is needed to render the claim plausible." Boykin, 521 F.3d at 213 (citation omitted); accord Arista Records, 604 F.3d at 120.

## IV. DISCUSSION

Corle seeks indemnification from Mann "to the extent there was any negligence in the design of the building." Third-Party Compl. at Count 5, ¶ 7. The only issue that Mann raises in his Motion to Dismiss is the timeliness of the Corle's action against him.[2] Mann notes that the collapse of the building occurred in 2011, more than ten years after he "placed his professional engineering seal on the design drawings of the . . . building." Mot. to Dismiss at 1. Mann argues that Corle's action is barred under section 52-584a of the Connecticut General Statutes, which sets a seven-year statute of limitations for indemnification actions brought against professional engineers. See Mot. to Dismiss at 2. Section 52-584a reads, in relevant part:

> No action or arbitration . . . to recover damages for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of . . . an improvement to real property . . . , or for contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any . . . professional engineer . . . performing or furnishing the design, planning, supervision, observation of construction or construction of, . . . such improvement more than seven years after substantial completion of such improvement.

Conn. Gen. Stat. § 52-584(a).

Corle argues that section 52-584a does not bar its action against Mann because section 52-584a is overridden by section 52-598, which states: "Notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking

---

[2] Mann does not contest that the building collapsed or that he "placed his professional engineering seal on the design drawings of the . . . building in 2001." See Mot. to Dismiss at 1.

4

indemnification by either judgment or settlement." Conn. Gen. Stat. § 52-598a. The court agrees with Corle.

In Town of Beacon Falls v. Towers Golde, LLC, No. CV096001345S, 2010 WL 2365849 (Conn. Super. Ct. May 6, 2010), the Connecticut Superior Court held that section 52-598a "overrides" section 52-584a. First, the court noted that section 52-598a's introductory language "[n]otwithstanding any provision of this chapter" clearly applies to section 52-584a, "since both sections are contained in chapter 926 of the General Statutes, which is entitled 'statute of limitations.'" Id. at *2. Second, the court reasoned that the word "notwithstanding" is "sufficiently precise to constitute a specific legislative override of another statute." Id. (citing Velez v. Comm'r of Corr., 250 Conn. 536, 544 (1999)). Third, the court noted that section 52-598a "specifically refers to an 'action for indemnification,' which is the precise subject matter" of section 52-584a. Id. Finally, the court dispensed of arguments regarding the legislature's intent and policy considerations, stating that the court "cannot revisit the policy determinations made by the legislature, but instead must rely on the languages of the statutes it enacts." Id. (citing Verrastro v. Sivertsen, 188 Conn. 213, 220 (1982)).

Although the Beacon Falls decision is not binding on this court, the court finds the Connecticut Superior Court's interpretation of its state statutes persuasive. Moreover, the Second Circuit has held that "the phrase 'notwithstanding any other provision of the law' is one that 'clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." Conyers v. Rossides, 558 F.3d 137, 145 (2d Cir. 2009) (alteration omitted) (quoting Cisneros v. Alpine Ridge Grp., 508 U.S. 10, 18 (1993)). To read section 52-598a

5

otherwise would render that provision "largely superfluous." See Beacon Falls, 2010 WL 2365849, at *2. Accordingly, the court concludes that the seven-year statute of limitations in section 52-584a does not bar Corle's claim against Mann.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Third-Party Defendant Kenneth F. Mann (Doc. No. 77) is DENIED.

**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of July, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge